UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS CAMPOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:25-CV-00125 |
| | § | |
| STARBUCKS CORPORATION d/b/a | § | |
| STARBUCKS COFFEE CORPORATION; | § | |
| EDINBURG PROPERTIES, LLC. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On November 23, 2024, Plaintiff Carlos Campos was injured when he tripped over a floor box outlet in a Starbucks in Edinburg, Texas. Campos brought suit against both Starbucks Corporation ("Starbucks") and Edinburg Properties, LLC ("Edinburg"), the building owner. Pending before the Court is Campos' First Motion to Remand, (Dkt. No. 4), and First Motion for Sanctions, (Dkt. No. 9). Because Campos improperly joined Edinburg, the First Motion to Remand is **DENIED** and Edinburg is **DISMISSED without prejudice**. Further, Campos' First Motion for Sanctions is **DENIED**.

I. BACKGROUND

On November 23, 2024, Campos entered an Edinburg-area Starbucks and attempted to place an order. (Dkt. No. 1-2 at 4). As he walked to the register, he tripped over a floor box outlet that was in his walking path. (*Id.*). This caused him to hit his head and suffer injuries to his face and body. (*Id.* at 4–5). Campos sued both Starbucks and

Edinburg Properties LLC—the company that leased the building to Starbucks—in the County Court of Law No. 7 of Hidalgo County, Texas. (Dkt. No. 1-2).

On March 20, 2025, Starbucks removed the case to federal court alleging that Edinburg had been improperly joined. (Dkt. No. 1). In response, Campos moved to remand the case to state court, (Dkt. No. 4), and moved for sanctions due to Starbucks' "attempt to harass, cause unnecessary delay, and needlessly increase the cost of litigation." (Dkt. No. 9 at 1). Starbucks responded to both motions, (Dkt. Nos. 7, 14), and Campos replied, (Dkt. Nos. 8, 17).

## II.  DISCUSSION

Under 28 U.S.C. § 1441 removal is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once removed, 28 U.S.C. § 1447 provides that a "case shall be remanded" wherever "the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Relevant here, a district court lacks subject matter jurisdiction where a matter in controversy is not "between citizens of different States." 28 U.S.C. § 1332(a). The Fifth Circuit further instructs that "a district court must disregard, for diversity jurisdiction purposes, the citizenship of an improperly joined defendant." *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020). As all Parties agree that Edinburg

would destroy diversity under Section 1332, this case turns on whether Edinburg has been improperly joined by Campos.[1]

In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit articulated two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Fifth Circuit further noted that "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was proper." *Id.* at 574.

Because Starbucks does not argue that Campos' pleadings fraudulently state jurisdictional facts, only the second *Smallwood* prong applies. To meet this prong, Starbucks must show "that there is no reasonable basis for the district court to predict that [Campos] might be able to recover against [Edinburg]." *Id.* at 573. A court may make this determination in one of two ways: (1) by conducting a "Rule 12(b)(6)-type analysis" that involves "looking initially at the allegations of the complaint" to determine whether it alleges a state-law claim against the in-state defendant, or (2) by piercing the pleadings and conducting a summary inquiry. *Id.*

While the latter approach is within a court's discretion, the motive of the joinder is irrelevant, and the court should avoid the "heavy risk of moving . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574. "Indeed, the inability to make

---

[1] The Court ordered Defendants to identify the citizenship of Edinburg's members by October 31, 2025, (Dkt. No. 21), and they did so, (Dkt. No. 22). All of Edinburg's members are citizens of Texas, and thus, would destroy diversity if properly joined.

the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

The Court begins with the "Rule 12(b)(6)-type analysis." Campos' complaint asserts a negligence claim against Starbucks and premises-liability claim against both Starbucks and Edinburg.[2] (Dkt. No. 1-2 at 7–10). To assert a premises-liability claim against Edinburg under Texas law, Campos must allege (1) that Edinburg had actual or constructive knowledge of the floor box outlet's unsafe location, (2) that its location posed an unreasonable risk of harm to Campos, (3) that Edinburg did not exercise reasonable care to reduce or eliminate the risk, and (4) that Edinburg's failure to use such care proximately caused Campos' injuries. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017).

Under Texas law, "[a] lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises." *Johnson Cnty. Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996). "This general rule stems from the notion that a lessor relinquishes possession or occupancy of the premises to the lessee." *Id.*; *see also General Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008) ("A lessor who relinquishes possession or occupancy of premises also has no duty to warn of defects except those that are

---

[2] The Parties dispute whether Campos' complaint alleges negligence claims against Edinburg. (*See* Dkt. No. 4 at 8); (Dkt No. 7 at 1 n.1). The complaint inconsistently refers to "Defendant" and "Defendants" under the negligence cause of action and throughout the entire document. (*See, e.g.,* Dkt. No. 1-2 at 7–9). However, given that the two causes of action are titled "Negligence Against Starbucks Corporation" and "Premises Liability Against Edinburg Properties, LLC and Starbucks," the Court interprets the inconsistency to be a typographical mistake and construes the complaint as only alleging a premises-liability claim against Edinburg.

4

concealed. In both cases, the landowner's duty is limited because the control is being turned over to someone else."). The Texas Supreme Court has recognized several exceptions where a lessor may have a duty, however, including (1) when the lessor's negligence in making repairs injures an invitee, (2) when the lessor conceals defects on the leased premises of which they were aware, and (3) when an invitee is injured by a defect on a portion of the premises that remained under the lessor's control. *Id.* (collecting cases); *see also Austin v. Kroger Texas, LP*, 465 S.W.3d 193, 200 n.7 (Tex. 2015) ("A premises-liability duty may apply to the owner of the premises or to another party who operates or exercises control over the premises.").

Here, Campos' premises-liability allegations against Edinburg do not state a claim under Texas law. His complaint makes only bare assertions and legal conclusions, and he fails to plead facts alleging that Edinburg exercised any control over the premises. The allegation that Starbucks and Edinburg "failed to exercise with ordinary care and prudence the right of control that it retained over the premises, including the placement of the floor box outlet" is insufficient. Campos does not identify how Edinburg failed to exercise ordinary care nor does he offer any evidence that Edinburg did not "relinquish[] possession or occupancy of the premises to [Starbucks]." *Endsley*, 926 S.W.2d at 285. Moreover, the premises-liability allegations make no distinction between Starbucks and Edinburg, referencing them both merely as "Defendants." *Compare with Centaurus GF Cove, LLC v. Lexington Ins. Co.*, No. 4:10-CV-00836, 2010 WL 2710390, at *3 (S.D. Tex. July 7, 2010) (holding that the plaintiff did not state a claim because its petition "contain[ed]

5

only broad allegations against the "defendants" collectively and d[id] not allege any specific factual allegations against" them).

As a result, the Court must undertake the summary inquiry described in *Smallwood*. In his First Motion to Remand, Campos makes a broad assertion that Edinburg had control over the floor box outlet, and thus, owed a duty to him. (Dkt. No. 4 at 7). However, he has presented nothing that demonstrates that Edinburg failed to relinquish control of the premises when it leased the building to Starbucks. The only evidence before the Court is an exhibit submitted by Starbucks in its Notice of Removal with excerpts from the lease agreement. (Dkt. No. 1-16). Those excerpts indicate that Starbucks could "operate (or not operate) its business in such a manner and at such hours as [Starbucks] considers proper in [Starbucks'] sole business judgment" and that it "shall keep the Premises in good order and repair, including . . . electrical and lighting facilities and equipment within the Premises." (*Id.* at 3–4). The excerpts also note that "[e]xcept for repairs, maintenance and replacements to the interior of the Premises for which [Starbucks] is responsible . . . [Edinburg] shall be responsible to repair, maintain and replace all areas outside of the Premises." (*Id.* at 4).

The Court is careful to note that it does not have the entire lease agreement; however, the information presented by the Parties indicates that Edinburg relinquished control over the interior of the premises to Starbucks and had no responsibility regarding the box floor outlet. As a result, Campos has failed to state a premises-liability claim against Edinburg. Edinburg is therefore dismissed and Campos' First Motion to Remand is denied.

## III.    CONCLUSION

For the reasons stated above, Campos' First Motion to Remand is **DENIED** and Defendant Edinburg Properties, LLC is **DISMISSED without prejudice** for improper joinder.  In light of this, Campos' First Motion for Sanctions is **DENIED**.

It is SO ORDERED.

Signed on November 7, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**DREW B. TIPTON**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**